United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 16-18824-jkf
Natasha R Pratt                                                     Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: ChrissyW            Page 1 of 1                Date Rcvd: Oct 11, 2018
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 13, 2018.
db             +Natasha R Pratt,    1437 67th Avenue,    Philadelphia, PA 19126-2762

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 13, 2018                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 11, 2018 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Natasha R Pratt dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              KEVIN G. MCDONALD    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM  MILLER*R   ecfemail@FredReigleCh13.com,  ECF_FRPA@Trustee13.com
                                                                                             TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Natasha R. Pratt  <br>  *Debtor* | CHAPTER 13 |
| BANK OF AMERICA, N.A.  <br>  *Movant*  <br>  vs. | NO. 16-18824 JKF |
| Natasha R. Pratt  <br>  *Debtor* | |
| William C. Miller  <br>  *Trustee* | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$836.43,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 1, 2018 at $836.43/month |
| **Total Post-Petition Arrears** | **$836.43** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on October 1, 2018 and continuing through March 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$836.43** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$139.41 from October 2018 to February 2019 and $139.38 for March 2019** towards the arrearages on or before the last day of each month at the address below;

**Bank of America, N.A.**
P.O. Box 660933
Dallas, TX 75266-0933

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 20, 2018

By: /s/ Kevin G. McDonald
Kevin G. McDonald, Esquire

Date: 10/3/2018

David M. Offen, Esquire
Attorney for Debtor

Date: 10/5/2018

/s/ Polly A. Langdon, Esquire for

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 11th day of October, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon